Joseph A. Meckes (SBN 190279)
joseph.meckes@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 California Street, Suite 550
San Francisco, California 94104
Telephone: +1 415 954 0200
Facsimile: +1 415 393 9887

Attorneys for Plaintiff TOPPAN INTERAMERICA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TOPPAN INTERAMERICA, INC., | Case No. **'23CV1948 BAS BGS** |
|---|---|
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| WHALEN LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Toppan Interamerica, Inc. ("TIA" or Plaintiff), by and through its attorneys, files this Complaint against Whalen LLC d/b/a Whalen Furniture Manufacturing. ("Whalen") and alleges as follows:

**PARTIES**

1. TIA is a corporation organized and existing under the laws of the State of Georgia, with its headquarters at 1131 Highway 155 South, McDonough, Georgia 30253. TIA's core business is designing, printing and supplying decorative papers and films for commercial and residential surfaces such as furniture, cabinets, floors, countertops and fixtures. TIA is a wholly owned subsidiary of Toppan Holdings Inc., a company organized under the laws of Japan and headquartered in Tokyo, Japan.

2. Whalen is a limited liability company organized under the laws of the State of California, with a principal place of business at 1578 Air Wing Road, San Diego, California 92154-7706.

## NATURE OF THE ACTION

3. TIA is the exclusive licensee of certain copyrights in wood grain designs used in the manufacture of decorative paper products including but not limited to the works protected by:

    a. United States Copyright Registration No. VA 2-142-287 for "Fitzroy Pine" (the "Fitzroy Pine Copyright");

    b. United States Copyright Registration No. VA 2-176-002 for "Roughsawn Oak" (the "Roughsawn Oak Copyright");

    c. United States Copyright Registration No. VA 2-142-295 for "Aspen Oak 2_C5OKP190/AOK-667" (the "Aspen Oak Copyright");

    d. United States Copyright Registration No. VA 2-142-292 for "Manaslu Oak" (the "Manaslu Oak Copyright");

    e. United States Copyright Registration No. VA 2-178-041 for "Bianco Oak 2" (the "Bianco Oak Copyright"); and

    f. United States Copyright Registration No. VA 2-188-328 for "Charcoal Oak C4OKS314L" (the "Charcoal Oak Copyright").

(collectively, "the Copyrighted Works")

4. Whalen imports into the United States and sells furniture items, including but not limited to desks, bookcases, media stands and consoles, cabinets, vanities and other furniture products finished with decorative paper with wood grain designs that infringes one of the Copyrighted Works (the "Accused Products").

5. Whalen's willful infringement of the Copyrighted Works has caused TIA to suffer damages in the form of lost sales and harm to the value of the copyrighted designs. Whalen, on the other hand, has reaped substantial profits attributable to its infringing use of the Copyrighted Works.

- 2 -   COMPLAINT FOR COPYRIGHT INFRINGEMENT

6. Through this action, TIA seeks redress for Whalen's past infringement and injunctive relief prohibiting Whalen from infringing in the future.

## JURISDICTION AND VENUE

7. This is an action for copyright infringement arising under the United States Copyright Act. 17 U.S.C. §101 et seq. This Court has original jurisdiction as federal subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Whalen because it is a limited liability company organized under the laws of the State of California and because its principal place of business is in the State of California.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b) because Whalen resides in this district.

## THE COPYRIGHTS-IN-SUIT

10. While wood grain appears in nature, the copyrighted wood grain designs embodied in the Copyrighted Works are not natural. Each copyrighted wood grain design, although inspired by nature, is created by a team of artists to emulate features found in natural wood grain in an aesthetically pleasing continuous roll format. This permits furniture manufacturers to apply decorative paper to articles of furniture in a manner that is visually appealing – regardless of where or how the roll is cut – with minimal wastage.

11. Visual artist employees of Toppan Holdings, Inc. (formerly known as Toppan Printing Co., Ltd.) ("Toppan Printing") or its affiliates created the Copyrighted Works from 2012 to 2015. Toppan Printing acquired ownership of each of the Copyrighted Works as a "work made for hire" or as assignee of the rights of its affiliate. Toppan Printing registered each of the Copyrighted Works with the United States Copyright Office.

12. Toppan Printing and TIA entered into a license agreement effective April 1, 2016, granting TIA the exclusive right "to use and reproduce the Works, prepare derivative works based on or incorporating the Works, and distribute and

display copies of the Works, in any and all media and materials, whether now known or later discovered, in the United States, and to authorize others to do the same, for which [TIA] shall have the exclusive right to royalties" (the "Toppan License"). The Copyrighted Works are among the "Works" included in the exclusive license granted by Toppan Printing to TIA under the Toppan License. TIA's license includes the exclusive right to sue for infringement and collect damages for past infringement. A true and correct copy of the Toppan License is submitted as Exhibit 1.

13. The United States Copyright Office issued Certificate of Registration No. VA 2-142-287 to Toppan Printing for the Fitzroy Pine Copyright effective April 25, 2017. A true and correct copy of the Fitzroy Pine Copyright registration certificate is submitted as Exhibit 2.

14. The United States Copyright Office issued Certificate of Registration No. VA 2-176-002 to Toppan Printing for the Roughsawn Oak Copyright effective October 29, 2019. A true and correct copy of the Roughsawn Oak Copyright registration certificate is submitted as Exhibit 3.

15. The United States Copyright Office issued Certificate of Registration No. VA 2-142-295 to Toppan Printing for the Aspen Oak Copyright effective February 19, 2018. A true and correct copy of the Aspen Oak Copyright registration certificate is submitted as Exhibit 4.

16. The United States Copyright Office issued Certificate of Registration No. VA 2-142-292 to Toppan Printing for the Manaslu Oak Copyright effective March 14, 2019. A true and correct copy of the Manaslu Oak Copyright registration certificate is submitted as Exhibit 5.

17. The United States Copyright Office issued Certificate of Registration No. VA 2-178-041 to Toppan Printing for the Bianco Oak Copyright effective October 22, 2018. A true and correct copy of the Bianco Oak Copyright registration certificate is submitted as Exhibit 6.

18. The United States Copyright Office issued Certificate of Registration No. VA 2-188-328 to Toppan Printing for the Charcoal Oak Copyright effective July 11, 2019. A true and correct copy of the Charcoal Oak Copyright registration certificate is submitted as Exhibit 7.

19. In 2021, Toppan Printing Co., Ltd. changed its name to "Toppan Inc." In 2023, "Toppan Inc." changed its name to "Toppan Holdings, Inc." At around the same time, Toppan Holdings, Inc. named a newly formed subsidiary "Toppan Inc.," which succeeded to ownership of the Copyrighted Works and the rights and obligations of Toppan Holdings, Inc. under the Toppan License.

20. The Copyrighted Works are original works of authorship fixed in a tangible medium of expression, and are two-dimensional graphic works entitled to protection under the United States Copyright Act. 17 U.S.C. §§102(a)(5), 104(a), 104(b).

## DEFENDANT'S UNLAWFUL ACTS

21. Whalen sells or has sold numerous models of furniture products finished with decorative paper that infringe the Copyrighted Works (the "Accused Products"). Whalen advertises some of the Accused Products on its website (whalenfurniture.com) and also sells infringing models through large online and physical retailers, such as Wayfair, Walmart, Home Depot, Target, Lowes, Menards and others. Attached as Exhibit 8 is a table showing some of the Whalen furniture models that infringe the Copyrighted Works along with website URLs where these furniture models are advertised for sale in the United States.

22. Whalen or its suppliers sourced the infringing decorative paper from suppliers in Asia at a much lower price than it would have paid TIA for authentic decorative paper using the copyrighted designs.

23. Whalen or its suppliers intentionally sought decorative paper that illicitly copied the Copyrighted Works when sourcing the infringing decorative paper from suppliers in Asia. Whalen was aware that its suppliers sourced decorative paper

1 with infringing designs, but accepted these lower-priced articles in order to compete
2 unfairly with other furniture suppliers who purchased authentic decorative paper
3 from TIA.

4     24. Despite knowing that the Copyrighted Works are owned by Toppan Inc.
5 or its affiliates and that TIA is their exclusive licensee in North America, Whalen has
6 willfully advertised and sold, and continues to advertise and sell, infringing furniture
7 products in the United States.

8     25. Whalen's willful sale of infringing furniture products has caused TIA to
9 lose sales and has injured the value of the Copyrighted Works.

10     26. Whalen's profits from the sale of infringing products are attributable to
11 its infringing use of the Copyrighted Works and are therefore subject to disgorgement
12 under 17 U.S.C. §504(b).

## FIRST CLAIM FOR RELIEF

### (Infringement of the Fitzroy Pine Copyright)

15     27. TIA repeats and realleges paragraphs 1-26 above as if fully set forth
16 here.

17     28. TIA is the exclusive licensee of the Fitzroy Pine Copyright in North
18 America and has the right to enforce the Fitzroy Pine Copyright in the United States.

19     29. Whalen or its supplier have sourced decorative paper to finish Whalen's
20 products from suppliers in Asia that copied the Fitzroy Pine Copyright without TIA's
21 or Toppan Inc.'s authorization. Whalen imported or caused to be imported furniture
22 products bearing infringing copies of the Fitzroy Pine Copyright design into the
23 United States for resale to consumers in the United States.

24     30. Pursuant to the Toppan License, TIA has the exclusive right in the
25 United States to sell products bearing the Fitzroy Pine Copyright design.

26     31. Without TIA's authorization, Whalen has sold or is selling thousands or
27 tens of thousands of products finished with decorative paper bearing the Fitzroy Pine

Copyright design to retailers or consumers in the United States that infringe TIA's exclusive rights.

32. Infringing furniture models sold by Whalen or its retailers in the United States include, but are not limited to, those models set forth in Exhibit 8. TIA is informed and believes and therefore alleges that Whalen has sold or is selling other furniture models that infringe the Fitzroy Pine Copyright.

33. At all times relevant hereto, Whalen knew that the decorative paper that it or its suppliers were sourcing in Asia was copied from the Fitzroy Pine Copyright design without the consent of Toppan Inc. or TIA. Whalen nonetheless willfully infringed the Fitzroy Pine Copyright to reduce its costs in connection with the manufacture of its furniture products for sale in the United States.

34. As a result of Whalen's willful infringement of the Fitzroy Pine Copyright design, TIA has suffered damages in the form of lost sales and to the value of the Fitzroy Pine Copyright design in an amount to be proven at trial.

35. As a result of Whalen's willful infringement of the Fitzroy Pine Copyright design, Whalen has reaped substantial profits attributable to its infringement, which profits are subject to disgorgement under 17 U.S.C. §504(a).

## SECOND CLAIM FOR RELIEF
### (Infringement of the Roughsawn Oak Copyright)

36. TIA repeats and realleges paragraphs 1-26 above as if fully set forth here.

37. TIA is the exclusive licensee of the Roughsawn Oak Copyright in North America and has the right to enforce the Roughsawn Oak Copyright in the United States.

38. Whalen or its supplier have sourced decorative paper to finish Whalen's products from suppliers in Asia that copied the Roughsawn Oak Copyright without TIA's or Toppan Inc.'s authorization. Whalen imported or caused to be imported

furniture products bearing infringing copies of the Roughsawn Oak Copyright design into the United States for resale to consumers in the United States.

39. Pursuant to the Toppan License, TIA has the exclusive right in the United States to sell products bearing the Roughsawn Oak Copyright design.

40. Without TIA's authorization, Whalen has sold or is selling thousands or tens of thousands of products finished with decorative paper bearing the Roughsawn Oak Copyright design to retailers or consumers in the United States that infringe TIA's exclusive rights.

41. Infringing furniture models sold by Whalen or its retailers in the United States include, but are not limited to, those models set forth in Exhibit 8. TIA is informed and believes and therefore alleges that Whalen has sold or is selling other furniture models that infringe the Roughsawn Oak Copyright.

42. At all times relevant hereto, Whalen knew that the decorative paper it or its suppliers were sourcing in Asia was copied from the Roughsawn Oak Copyright design without the consent of Toppan Inc. or TIA. Whalen nonetheless willfully infringed the Roughsawn Oak Copyright to reduce its costs in connection with the manufacture of its furniture products for sale in the United States.

43. As a result of Whalen's willful infringement of the Roughsawn Oak Copyright design, TIA has suffered damages in the form of lost sales and to the value of the Roughsawn Oak Copyright design in an amount to be proven at trial.

44. As a result of Whalen's willful infringement of the Roughsawn Oak Copyright design, Whalen has reaped substantial profits attributable to its infringement, which profits are subject to disgorgement under 17 U.S.C. §504(a).

### THIRD CLAIM FOR RELIEF
**(Infringement of the Aspen Oak Copyright)**

45. TIA repeats and realleges paragraphs 1-26 above as if fully set forth here.

46. TIA is the exclusive licensee of the Aspen Oak Copyright in North America and has the right to enforce the Aspen Oak Copyright in the United States.

47. Whalen or its supplier have sourced decorative paper to finish Whalen's products from suppliers in Asia that copied the Aspen Oak Copyright without TIA's or Toppan Inc.'s authorization.  Whalen imported or caused to be imported furniture products bearing infringing copies of the Aspen Oak Copyright design into the United States for resale to consumers in the United States.

48. Pursuant to the Toppan License, TIA has the exclusive right in the United States to sell products bearing the Aspen Oak Copyright design.

49. Without TIA's authorization, Whalen has sold or is selling thousands or tens of thousands of products finished with decorative paper bearing the Aspen Oak Copyright design to retailers or consumers in the United States that infringe TIA's exclusive rights.

50. Infringing furniture models sold by Whalen or its retailers in the United States include, but are not limited to, those models set forth in Exhibit 8.  TIA is informed and believes and therefore alleges that Whalen has sold or is selling other furniture models that infringe the Aspen Oak Copyright.

51. At all times relevant hereto, Whalen knew that the decorative paper it or its suppliers were sourcing in Asia was copied from the Aspen Oak Copyright design without the consent of Toppan Inc. or TIA.  Whalen nonetheless willfully infringed the Aspen Oak Copyright to reduce its costs in connection with the manufacture of its furniture products for sale in the United States.

52. As a result of Whalen's willful infringement of the Aspen Oak Copyright design, TIA has suffered damages in the form of lost sales and to the value of the Aspen Oak Copyright design in an amount to be proven at trial.

53. As a result of Whalen's willful infringement of the Aspen Oak Copyright design, Whalen has reaped substantial profits attributable to its infringement, which profits are subject to disgorgement under 17 U.S.C. §504(a).

## FOURTH CLAIM FOR RELIEF

### (Infringement of the Bianco Oak Copyright)

54. TIA repeats and realleges paragraphs 1-26 above as if fully set forth here.

55. TIA is the exclusive licensee of the Bianco Oak Copyright in North America and has the right to enforce the Bianco Oak Copyright in the United States.

56. Whalen or its supplier have sourced decorative paper to finish Whalen's products from suppliers in Asia that copied the Bianco Oak Copyright without TIA's or Toppan Inc.'s authorization. Whalen imported or caused to be imported furniture products bearing infringing copies of the Bianco Oak Copyright design into the United States for resale to consumers in the United States.

57. Pursuant to the Toppan License, TIA has the exclusive right in the United States to sell products bearing the Bianco Oak Copyright design.

58. Without TIA's authorization, Whalen has sold or is selling thousands or tens of thousands of products finished with decorative paper bearing the Bianco Oak Copyright design to retailers or consumers in the United States that infringe TIA's exclusive rights.

59. Infringing furniture models sold by Whalen or its retailers in the United States include, but are not limited to, those models set forth in Exhibit 8. TIA is informed and believes and therefore alleges that Whalen has sold or is selling other furniture models that infringe the Bianco Oak Copyright.

60. At all times relevant hereto, Whalen knew that the decorative paper it or its suppliers were sourcing in Asia was copied from the Bianco Oak Copyright design without the consent of Toppan Inc. or TIA. Whalen nonetheless willfully infringed the Bianco Oak Copyright to reduce its costs in connection with the manufacture of its furniture products for sale in the United States.

61. As a result of Whalen's willful infringement of the Bianco Oak Copyright design, TIA has suffered damages in the form of lost sales and to the value of the Bianco Oak Copyright design in an amount to be proven at trial.

62. As a result of Whalen's willful infringement of the Bianco Oak Copyright design, Whalen has reaped substantial profits attributable to its infringement, which profits are subject to disgorgement under 17 U.S.C. §504(a).

## FIFTH CLAIM FOR RELIEF

### (Infringement of the Manaslu Oak Copyright)

63. TIA repeats and realleges paragraphs 1-26 above as if fully set forth here.

64. TIA is the exclusive licensee of the Manaslu Oak Copyright in North America and has the right to enforce the Manaslu Oak Copyright in the United States.

65. Whalen or its supplier have sourced decorative paper to finish Whalen's products from suppliers in Asia that copied the Manaslu Oak Copyright without TIA's or Toppan Inc.'s authorization. Whalen imported or caused to be imported furniture products bearing infringing copies of the Manaslu Oak Copyright design into the United States for resale to consumers in the United States.

66. Pursuant to the Toppan License, TIA has the exclusive right in the United States to sell products bearing the Manaslu Oak Copyright design.

67. Without TIA's authorization, Whalen has sold or is selling thousands or tens of thousands of products finished with decorative paper bearing the Manaslu Oak Copyright design to retailers or consumers in the United States that infringe TIA's exclusive rights.

68. Infringing furniture models sold by Whalen or its retailers in the United States include, but are not limited to, those models set forth in Exhibit 8. TIA is informed and believes and therefore alleges that Whalen has sold or is selling other furniture models that infringe the Manaslu Oak Copyright.

69. At all times relevant hereto, Whalen knew that the decorative paper it or its suppliers were sourcing in Asia was copied from the Manaslu Oak Copyright design without the consent of Toppan Inc. or TIA. Whalen nonetheless willfully infringed the Manaslu Oak Copyright to reduce its costs in connection with the manufacture of its furniture products for sale in the United States.

70. As a result of Whalen's willful infringement of the Manaslu Oak Copyright design, TIA has suffered damages in the form of lost sales and to the value of the Manaslu Oak Copyright design in an amount to be proven at trial.

71. As a result of Whalen's willful infringement of the Manaslu Oak Copyright design, Whalen has reaped substantial profits attributable to its infringement, which profits are subject to disgorgement under 17 U.S.C. §504(a).

## SIXTH CLAIM FOR RELIEF

### (Infringement of the Charcoal Oak Copyright)

72. TIA repeats and realleges paragraphs 1-26 above as if fully set forth here.

73. TIA is the exclusive licensee of the Charcoal Oak Copyright in North America and has the right to enforce the Charcoal Oak Copyright in the United States.

74. Whalen or its supplier have sourced decorative paper to finish Whalen's products from suppliers in Asia that copied the Charcoal Oak Copyright without TIA's or Toppan Inc.'s authorization. Whalen imported or caused to be imported furniture products bearing infringing copies of the Charcoal Oak Copyright design into the United States for resale to consumers in the United States.

75. Pursuant to the Toppan License, TIA has the exclusive right in the United States to sell products bearing the Charcoal Oak Copyright design.

76. Without TIA's authorization, Whalen has sold or is selling thousands or tens of thousands of products finished with decorative paper bearing the Charcoal Oak Copyright design to retailers or consumers in the United States that infringe TIA's exclusive rights.

77. Infringing furniture models sold by Whalen or its retailers in the United States include, but are not limited to, those models set forth in Exhibit 8. TIA is informed and believes and therefore alleges that Whalen has sold or is selling other furniture models that infringe the Charcoal Oak Copyright.

78. At all times relevant hereto, Whalen knew that the decorative paper it or its suppliers were sourcing in Asia was copied from the Charcoal Oak Copyright design without the consent of Toppan Inc. or TIA. Whalen nonetheless willfully infringed the Charcoal Oak Copyright to reduce its costs in connection with the manufacture of its furniture products for sale in the United States.

79. As a result of Whalen's willful infringement of the Charcoal Oak Copyright design, TIA has suffered damages in the form of lost sales and to the value of the Charcoal Oak Copyright design in an amount to be proven at trial.

80. As a result of Whalen's willful infringement of the Charcoal Oak Copyright design, Whalen has reaped substantial profits attributable to its infringement, which profits are subject to disgorgement under 17 U.S.C. §504(a).

## **PRAYER FOR RELIEF**

WHEREFORE, TIA prays for judgment and seeks relief against Whalen as follows:

I.  A judgment that Whalen's reproduction of the Copyrighted Works or sales of furniture products finished with reproductions of the Copyrighted Works infringe TIA's exclusive rights to market and sell the Copyrighted Works in the United States;

II.  A judgment that TIA is entitled to recovery of its costs and reasonable attorney fees pursuant to 17 U.S.C. § 505;

III.  An award of TIA's actual damages and Whalen's profits pursuant to 17 U.S.C. §504(b);

IV.  In the alternative, an award of statutory damages pursuant to 17 U.S.C. §504(c);

V.   Injunctive relief enjoining and restraining Whalen from marketing or selling in the United States infringing articles pursuant to 17 U.S.C. §502;

VI.   An award of TIA's costs of suit and attorneys' fees; and

VII.   Such other relief to TIA as the Court deems just and appropriate.

## JURY DEMAND

TIA respectfully demands a jury on all issues so triable.

Dated:  October 23, 2023          /s/ *Joseph A. Meckes*
                                  Joseph A. Meckes

                                  Attorneys for Plaintiff
                                  TOPPAN INTERAMERICA, INC.