# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Toppan Interamerica, Inc., | Case No. 23-cv-1948-BAS-BGS |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER GRANTING UNOPPOSED MOTION TO STAY PROCEEDINGS (ECF No. 11)** |
| Whalen LLC, | |
| Defendant. | |

Before the Court is Defendant's Motion to Stay Proceedings Pending International Trade Commission ("ITC") Resolution. (ECF No. 11.) Plaintiff does not oppose. (ECF No. 13.) Based on the state of the record, as applied to the applicable law, the Court **GRANTS** the motion.

### I. BACKGROUND

Toppan brought this case alleging that Whalen has infringed a number of Toppan's copyrights. Specifically, Toppan alleges that Whalen has infringed United States Copyright Registration Nos. VA 2-142-287 (the "Fitzroy Copyright"), VA 2-176-002 (the "Roughsawn Oak Copyright"), VA 2-142-295 (the "Aspen Oak Copyright"), VA 2-142-292 (the "Manaslu Oak Copyright"), VA 2-178-041 (the "Bianco Oak Copyright"), and VA 2-188-328 (the "Charcoal Oak Copyright"). (ECF No. 1, ¶¶ 27–80.) The case remains

in its infancy, as Defendant has yet to file an Answer to Plaintiff's Complaint. (*See* ECF No. 14.)

Toppan subsequently filed a complaint with the ITC, under Section 337 of the Tariff Act of 1930, alleging that Whalen infringes the Fitzroy Copyright, the Roughsawn Oak Copyright, the Aspen Oak Copyright, and the Manaslu Oak Copyright (together, the "Overlapping Copyrights"). (*See* ECF No. 11-2, Ex. 1, ¶ 2.) On January 9, 2024, the ITC instituted an investigation titled *In the Matter of Certain Furniture Products Finished with Decorative Wood Grain Paper and Components Thereof*, naming Whalen as the sole respondent. (*Id.*, Ex. 2.) On January 12, 2024, the Notice of Institution was published in the Federal Register. (*Id.*, Ex. 3.)

## II.   LEGAL STANDARD

A district court has the inherent power to stay proceedings pending before it. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court's decision to stay proceedings under *Landis* is discretionary. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). When a party seeks to stay the proceedings, the court weighs "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## III.   ANALYSIS

### A. Mandatory Stay under 28 U.S.C. § 1659

Six copyrights are at issue in this litigation. Defendant first seeks to stay this action as it concerns four of the Overlapping Copyrights under 28 U.S.C. § 1659. (ECF No. 11-1 at 2.) Plaintiff does not oppose the motion. (ECF No. 13.) For its part, § 1659 provides that:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall

> stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
> (2) 30 days after the district court action is filed, whichever is later.

Both Plaintiff and Defendant are parties to this litigation and the ITC Action. In the latter litigation, Defendant is the sole respondent and Plaintiff is the sole complainant. Each case involves substantially the same issues, specifically, the alleged infringement of the Fitzroy, Roughsawn Oak, Aspen Oak, and Manaslu Oak Copyrights. (*Compare* ECF No. 1, ¶¶ 27–53, 63–71, *with* ECF No. 11-2, Ex. 1, ¶ 2.) Furthermore, the Complaint here and the ITC Complaint allege the same products infringe these copyrights. (*Compare* ECF No. 1, *with* ECF No. 11-2, Ex. 1.) Defendant filed the motion on January 17, 2024, well within thirty days of when the ITC issued its Notice of Institution naming Defendant as a respondent in the ITC action. Because Defendant is a respondent in the ITC Action, Plaintiff alleges infringement of the same copyrights both here and in the ITC Action, and Defendant's motion was timely filed, the statutory requirements for a mandatory stay are met as to the Fitzroy, Roughsawn Oak, Aspen Oak, and Manaslu Oak Copyrights.

Therefore, the Court **GRANTS** Defendant's unopposed request to stay this action as to the Overlapping Copyrights. Accordingly, this matter is **STAYED** as to Plaintiff's claims concerning the Fitzroy, Roughsawn Oak, Aspen Oak, and Manaslu Oak Copyrights pending final resolution of the ITC Action, including any and all appeals until the ITC proceedings are no longer subject to judicial review. *See In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

### B. *Landis* Stay

In performing a *Landis* analysis, the Court is primarily concerned with balancing the competing interests of the moving and non-moving parties. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D.Cal.1997). However, in this instance, Plaintiff does not oppose

Defendant's motion to stay. (ECF No. 13.) Therefore, because the parties appear to agree that staying the remaining Charcoal Oak and Bianco Oak copyright claims is warranted, or at least acceptable, the Court sees no reason not to exercise its inherent power to issue one. *See, e.g.*, *White v. Novartis Pharms. Corp.*, No. CIVS0600665WBSGGH, 2006 WL 1409556, at *1 (E.D. Cal. May 22, 2006).

## IV. CONCLUSION

It is therefore **ORDERED** that all proceedings in this matter shall be **STAYED** and the file **ADMINISTRATIVELY CLOSED**. Within fourteen (14) days of the ITC rendering a final decision on Plaintiff's Overlapping Claims, the parties shall file a joint request to lift the stay. The parties are further **ORDERED** to file a joint status report notifying the Court of the procedural posture of the ITC proceedings, if the proceedings are not yet resolved, by no later than **August 15, 2024**.

**IT IS SO ORDERED.**

**DATED: February 14, 2024**

Hon. Cynthia Bashant
United States District Judge