UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPPAN INTERAMERICA, INC., <br>  Plaintiff, <br> v. <br> WHALEN LLC, <br>  Defendant. | Case No. 23-cv-1948-BAS-BGS <br><br> **ORDER** <br> 1. **GRANTING PLAINTIFF'S UNOPPOSED MOTION TO FILE A SECOND AMENDED COMPLAINT (ECF No. 24), AND** <br> 2. **GRANTING PLAINTIFF'S MOTION TO SEAL (ECF No. 26)** |

Before the Court is Plaintiff Toppan Interamerica, Inc.'s ("Plaintiff" or "Toppan") Unopposed Motion for Leave to File Second Amended Complaint ("SAC Motion"). (ECF No. 24.) Plaintiff indicates its counsel have met and conferred with counsel for Whalen LLC ("Defendant" or "Whalen") and that Defendant does not oppose Plaintiff's SAC Motion. (*Id.* at 2.) Plaintiff also moves to file the Second Amended Complaint under seal ("Sealing Motion"). (ECF No. 26.) Plaintiff does so at Defendant's request, but itself does not find a compelling reason for the Court to seal any portion of its Second Amended Complaint. (*See id.* at 1:24–25.)

\\

\\

## I. The SAC Motion

"In general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)); *see also Owens v. Kaiser Found. Health Plan*, *Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires."). Further, a party may amend its pleading without a court order where the opposing party consents in writing. Fed. R. Civ. P. 15(a)(2).

Here, considering (i) the broad policy favoring amendments to pleadings, and (ii) that Plaintiff's SAC Motion is unopposed, the Court **GRANTS** the SAC Motion. (ECF No. 24.)

## II. The Sealing Motion

When it comes to court records, courts adhere to a strong presumption in favor of public access. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (citation omitted)); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) ("The presumption of access is based on the need for federal courts, although independent . . . to have a measure of accountability and for the public to have confidence in the administration of justice." (citation omitted)).

Thus, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption of access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The heft of that burden depends on the type of motion tied to the documents sought to be sealed. When the related information is more than "tangentially related to the merits of the case," the more rigorous "compelling reasons" standard applies. *Chrysler*, 809 F.3d at 1096–98, 1102. If the related information is not more than

tangentially related to the merits of the case, the more relaxed "good cause" standard applies. *Id.* at 1096–98.

Here, in the Court's judgment, a motion seeking leave to amend a complaint is more than tangentially related to the merits of the case because the complaint is the cornerstone of any case. Therefore, the Court shall apply the "compelling reasons" standard. *Chrysler*, 809 F.3d at 1096–98, 1102; *see also Muhaymin v. City of Phoenix*, No. CV-17-04565-PHX-DLR, 2021 WL 5173767, at *4 (D. Ariz. Nov. 3, 2021) (applying the compelling reasons standard to a motion to seal portions of the complaint); *see also Skillz Platform Inc. v. AvaiGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 8430420, at *1 (N.D. Cal. Dec. 4, 2023) (applying the compelling reasons standard to a motion to seal portions of the complaint); *see also Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) (applying the compelling reasons standard to a motion to seal portions of the complaint).

Plaintiff, by its own admission, seeks to seal portions of the Second Amended Complaint at Defendant's behest rather than for its own purposes. (*See* ECF No. 26.) Per this Court's Standing Order on Civil Cases, Defendant had seven days to file a reply in support of the Sealing Motion. Standing Order for Civil Cases, Rule 5.B. Defendant timely filed a Declaration in support of the Sealing Motion. (ECF No. 30.)

Defendant seeks to seal Exhibits 9–11 of the Second Amended Complaint because, while they are documents drafted by Toppan (per the letterhead), Whalen signed them. In their affidavit, Whale's counsel Baraa Kahf states that the documents could put Whalen at a competitive disadvantage due to "divulgence of the conditions under which Whalen and/or its affiliates engage in business with potential suppliers." (*Id.* at 2:14–15.) Indeed, courts have held that confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" can be "compelling reasons" to prevent competitors from accessing and then leveraging this information to harm the designating parties in future negotiations. *See Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. 2020)

(citation omitted); *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. 2017); *see also DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023). Accordingly, the Court shall grant Plaintiff's Sealing Motion as to Exhibits 9–11 and the text of the Second Amended Complaint that references the contents of those exhibits. (ECF No. 26.)

Similarly, the Court finds that the remaining redactions Defendant requests are appropriately tailored to protect information that could grant Whalen's competitors a competitive edge and therefore Defendant presents a compelling reason to seal such information. Thus, the Court shall grant Plaintiff's Sealing Motion as to the remaining proposed redactions in the Second Amended Complaint.

### III. Conclusion

Having **GRANTED** Plaintiff's SAC Motion (ECF No. 24), Plaintiff is **ORDERED** to file the public version of its Second Amended Complaint in the docket on or before **July 5, 2024**. The Court also **VACATES** Defendant's deadline to respond to Plaintiff's Complaint. (ECF No. 25.) Defendant is hereby **ORDERED** to answer or file an otherwise responsive pleading to Plaintiff's Second Amended Complaint on or before **July 10, 2024**.

**IT IS SO ORDERED.**

DATED: July 1, 2024

Hon. Cynthia Bashant
United States District Judge